FOWLER, Respondent, v. ABERDEEN RAILWAY COM-
PANY, Appellant.

(171 N. W. 816).

(File No. 4481.   Opinion filed April 18, 1919.)

1.  **Appeal—Error—Injury to Automobile—Verdict for Less Than
    Claimed, Whether Prejudicial.**

    Under an assignment of error challenging sufficiency of evi-
    dence to sustain verdict in that it was for only $100 while
    defendant claimed it should have been for at least $160, if
    any verdict for plaintiff was justified, held, that the alleged
    error was not prejudicial to defendant, and furnished no basis
    for appeal.

2.  **Appeal—Error—Negligence—Automobile, Injury to by Street
    Car, Damages For—Instruction Re Obsolete Cars, Whether
    Prejudicial.**

    In a suit for damages to plaintiff's automobile from injury
    by defendant railway company's street car, an instruction that
    a street railway company may not use old and obsolete cars
    that are difficult to control and without good equipment to
    stop, and that if by such use injury is inflicted, when the use
    of a more modern or complete car with good equipment to
    stop, such as is generally in use, would not have caused the
    injury, then defendant company in using such old and obsolete
    car without good equipment to stop is guilty of negligence—
    while partially erroneous because there was no evidence that
    the street car was old or obsolete, yet presented the question
    whether the style of brakes on the car was obsolete; and, in
    view of the evidence, tending to show that plaintiff's automobile
    became stalled on defendant's track, that failing to start the
    car, plaintiff ran forward and signaled the motor-man on de-
    fendant's approaching street car, to stop the car; the evidence
    being conflicting as to both defective equipment, and operation
    of, the car; held, said instruction could not possibly have in-
    fluenced jury, or if it could, it was not prejudicial.

3.  **Same—Instruction Re Motor-man's Duty to Signal Approach,
    Whether Prejudicial.**

    Held, further, that an instruction that it is defendan mortor-
    men's duty when running its cars through the streets of the
    city to give timely notice of approach of the car by usual and
    ordinary signal, and that if jury believed from evidence that
    the motor-man in question failed to exercise any of said duties,
    and by reason of such failure the car collided with plaintiff's
    automobile, and damage resulted therefrom, they should find
    for plaintiff, was, if erroneous, without prejudice.

Appeal from the municipal court of the City of Aberdeen.
HON. A. L. McNAUGHTON, Judge.

Action by George Fowler, against the Aberdeen Railroad Company, a corporation, to recover damages for injury to plaintiff's automobile by defendant's street car. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Campbell & Walton*, for Appellant.

*Van Slyke & Bartlett*, for Respondent.

(1) To point one of the decision, Appellant cited:

Scheuer v. Manashaw, 137 N. Y. S. 534.

Respondent cited:

Evans v. Koons, 38 N. E. 350; Fisher v. Holmes, 24 N. E. 377.

GATES, J. Action for damages to plaintiff's automobile caused by a street car of defendant company. Judgment for the sum of $100 and costs was entered in favor of plaintiff. From the judgment and an order denying a new trial, defendant appeals. The evidence tended to show that plaintiff's automobile became stalled on defendant's track; that the street car was approaching; that, failing to start the car, plaintiff ran forward and raised his arms as a signal to the motorman to stop the street car. The important question in the case was whether the motorman should reasonably have stopped the car before it collided with the automobile. The complaint alleged negligence in the use of defective equipment of the street car and in the operation of the street car, and there was some conflict in the evidence as to both propositions. Three errors are assigned. The first relates to the giving of this instruction to the jury:

"A street railway company is required to use cars that will not unduly endanger the lives of pedestrians, whether afoot or in vehicles, using the streets and crossing its tracks. It may not use old and obsolete cars that are difficult to control and without good equipment to stop, and if by such use an injury is inflicted, when the use of a more modern or complete car with good equipment to stop, such as is generally in use, would not have caused the injury, then such company in the use of such old and obsolete car, without good equipment to stop it, is guilty of negligence."

The second error relates to the giving of this instruction:

"It is the duty of the defendant's motorman, when running the defendant's cars through the streets of the city of Aberdeen, * * * to give timely notice of the approach of the car by the usual and ordinary signal, and if you shall believe from the evidence that the motorman in charge of the car which collided with the automobile of the plaintiff failed to exercise any of these duties, and by reason of such failure the car collided with the automobile of the plaintiff, and the damage resulted therefrom, then you should find for the plaintiff."

The third challenges the sufficiency of the evidence to sustain the verdict in that the verdict was for only $100, while the defendant claims that the verdict should have been for at least $160, if any verdict was to be returned for plaintiff.

[1] Manifestly, the last alleged error was not prejudicial to defendant; it therefore furnishes no basis for an appeal.

[2] The first instruction was partially erroneous because there was no evidence that the street car was old or obsolete. There was presented, however, the question whether the style of brakes on the car was obsolete.

[3] The instruction as to the failure of the motorman to signal the approach of the street car was wholly unwarranted, but it was utterly irrelevant to the issues. A careful consideration of the evidence and all of the instructions given to the jury fails to convince us that either of the instructions excepted to could possibly have influenced the jury in arriving at their verdict. If they could not, they were not prejudicial.

The judgment and order appealed from are affirmed.